**Henry BEATTY, Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE,
Defendant–Appellee.**

Nos. 03–3696, 03–3725.

United States Court of Appeals,
Sixth Circuit.

June 24, 2004.

Aaron G. Durden, Dayton, OH, for Plaintiff–Appellant and Cross–Appellee.

Julie C. Foster, Winston E. Miller, Frost, Brown & Todd, Louisville, KY, Katherine C. Morgan, Frost, Brown & Todd, Cincinnati, OH, for Defendant–Appellee and Cross–Appellant.

Before SILER, DAUGHTREY and SUTTON, Circuit Judges.

PER CURIAM.

Henry Beatty worked for the United Parcel Service ("UPS") until September 1998. UPS fired Beatty in 1998 after he refused for nine months to reimburse the company for a roughly $500 loss that the company incurred as a result of his conduct: Namely, Beatty accepted a personal check for a package specified as "cash only" in violation of company policy. Because UPS makes employees personally liable for any losses the company incurs a result of such errors, UPS asked Beatty for reimbursement. Beatty disputed UPS's reimbursement claim and thrice invoked the union-established-grievance procedure to challenge the company's action. In each instance, the state grievance committee ruled in favor of UPS, determining that Beatty in fact owed the money and that the discharge was legitimate.

Beatty sued UPS in federal court, alleging (1) wrongful termination in retaliation for his exercise of protected rights (filing a complaint with the Equal Employment Opportunity Commission), (2) race discrimination under Chapter 4112 of the Ohio Revised Code and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and (3) violations of several other state laws, including negligent entrustment of supervisors and infliction of emotional distress. UPS moved for summary judgment.

In an opinion by Judge Rice, the district court granted summary judgment to UPS on all of the claims. With respect to the Title VII claim (the one claim pressed on appeal), the court determined that Beatty did not present any direct evidence of discrimination on account of his race and did not establish a prima face case of race discrimination based on indirect evidence. In particular, the district court ruled that Beatty did not show that UPS treated him differently from other similarly-situated employees. The primary employee (Kerns) with whom Beatty claimed to be similarly situated, the court noted, did not cause UPS to suffer a loss. And because that employee had a different supervisor, the court added, the fact that he was permitted to threaten to withhold packages from a customer until he received proper payment, even though Beatty was denied similar permission, did not suffice to establish a cognizable claim of discrimination.

After carefully reviewing the record, the applicable law and the parties' briefs, and after hearing oral argument, we conclude that Judge Rice correctly granted summary judgment to UPS with respect to these issues. Because the issuance of a full opinion would serve little useful purpose in view of the district court's thorough and well-reasoned opinion on this issue, we affirm on the basis of that opinion.